Alan H. Pollack (apollack@buddlarner.com)
Stuart D. Sender (ssender@buddlarner.com)
Dmitry V. Shelhoff (dshelhoff@buddlarner.com)
Stephanie J. Kamerow (skamerow@buddlarner.com)
Budd Larner, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078
(973) 379-4800
*Attorneys for Defendants*
*Dr. Reddy's Laboratories, Ltd. and*
*Dr. Reddy's Laboratories, Inc.*

**CONTAINS CONFIDENTIAL
INFORMATION -- PORTIONS
FILED UNDER SEAL**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HORIZON PHARMA, INC., HORIZON PHARMA USA, INC. and POZEN INC.,<br><br>Plaintiffs,<br><br>v.<br><br>DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES,<br><br>Defendants. | Civil Action No. 3:15-cv-03324 (MLC)(DEA)<br>Civil Action No. 3:16-cv-04918 (MLC)(DEA)<br>Civil Action No. 3:16-cv-09035 (MLC)(DEA)<br><br><br>**ELECTRONICALLY FILED**<br><br>**MOTION DATE:  JUNE 5, 2017**<br>**ORAL ARGUMENT REQUESTED** |
| HORIZON PHARMA, INC., HORIZON PHARMA USA, INC. and POZEN INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN PHARMACEUTICALS INC., MYLAN LABORATORIES LIMITED, and MYLAN, INC.,<br><br>Defendants. | Civil Action No. 3:15-cv-03327 (MLC) (DEA)<br>Civil Action No. 3:16-cv-04921 (MLC) (DEA) |

01134212

HORIZON PHARMA, INC., HORIZON PHARMA USA, INC. and POZEN INC.,

Plaintiffs,

v.

LUPIN LTD. and LUPIN PHARMACEUTICALS INC,

Defendants.

Civil Action No. 3:16-cv-03326 (MLC)(DEA)
Civil Action No. 3:16-cv-04920 (MLC)(DEA)

**DRL'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE, SUMMARY JUDGMENT, DISMISSING ALL COUNTS ALLEGING INFRINGEMENT OF THE '621, '698 AND '208 PATENTS ON GROUNDS OF** redacted

01134212

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................... ii

I.     INTRODUCTION ....................................................................................................1

II.    STATEMENT OF FACTS .......................................................................................5

       A.     The DRL ANDAs ..........................................................................................5

       B.     The Licensed Patents .....................................................................................6

       C.     Horizon's Purchase of AstraZeneca's U.S. Rights to Vimovo® ...................7

       D.     The 11-2317 and 13-0091 Actions ................................................................7

       E.     redacted ...........................................................................................................8

III.   ARGUMENT ...........................................................................................................9

       A.     Applicable Legal Standards ...........................................................................9

              1.     Judgement on the Pleadings ................................................................9

              2.     Summary Judgement ..........................................................................11

              3.     Contract Construction Under New Jersey Law ..................................12

       B.     redacted ..........................................................................................................13

       C.     redacted ..........................................................................................................13

       D.     redacted ..........................................................................................................16

       E.     redacted
              redacted ...........................................................................................................17

IV.    CONCLUSION.....................................................................................................177

i

01134212

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................... 11

*AstraZeneca AB v. Dr. Reddy's Labs., Ltd.*, 603 F. Supp. 2d 596 (S.D.N.Y. 2009), *aff'd per curiam*, 356 Fed. App'x 421 (Fed. Cir. 2009) .................................................... 5

*Babar v. Screening Reports, Inc.*, 2014 U.S. Dist. LEXIS 54915 (D.N.J. Apr. 21, 2014) ........... 10

*Barmag Barmer Maschinenfabrik AG v. Mirata Mach., Ltd.*, 731 F.2d 831 (Fed. Cir. 1984) ..... 16

*Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195 (3d Cir. 2006) .............................................. 12

*Boyton v. Headwaters, Inc.* 243 Fed. Appx. at 614-15; 2007 U.S. App. Lexis 18001 (Fed. Cir. 2007) .................................................................................................................... 16-17

*Carter v. Exxon Co. USA*, 177 F.3d 197 (3d Cir. 1999) ................................................................ 12

*Celanese Ltd. v. Essex Cnty. Improvement Auth.*, 404 N.J. Super. 514 A.2d 591 (App. Div. 2009) .......................................................................................................................... 12

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ........................................................................... 11

*Clean Jersey Solar LLC v. Effisolar Energy Corp.*, 2016 U.S. App. LEXIS 14846 (3d Cir. Aug. 12, 2016) ..................................................................................................................... 10

*Consol. Brick & Bldg. Supplies, Inc. v. Alosi Constr., Inc.*, 2006 U.S. Dist. LEXIS 51752 (D.N.J. July 28, 2006) ................................................................................... 12, 13

*DeForest Radio & Telegraph Co. v. United States*, 273 U.S. 236 (1927) ................................ 5, 13

*Driscoll Constr. Co. v. State Dep't of Transp.*, 371 N.J. Super. 304 A.2d 270 (App. Div. 2004) .......................................................................................................................... 12

*General Protecht Group, Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355 (Fed. Cir. 2011) ...... 4-5, 15, 17

*In re Lamictal Indirect Purchaser & Antitrust Consumer Litig.*, 172 F. Supp. 3d 724 (D.N.J. 2016) .................................................................................................................. 11

*Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103 (3d Cir. 1985) .......................... 12

*Koehnke v. City of McKeesport*, 350 Fed. App'x 720 (3d Cir. 2009) ......................................... 11

*Lear, Inc. v. Adkins*, 395 U.S. 653 (1969) ................................................................................. 12

ii

01134212

*Leone v. Twp. of Deptford*, 2009 U.S. Dist. LEXIS 79442 (D.N.J. Sept. 3, 2009) ...................... 10

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) .......................... 11

*McCoy v. Mitsuboshi Cutlery, Inc.*, 67 F.3d 917 (Fed. Cir. 1995) .............................................. 13

*Onderdonk v. Presbyterian Homes of N.J.*, 85 N.J. 171A.2d 1057 (N.J. 1981) ......................... 12

*Podobnik v. U.S. Postal Serv.*, 409 F.3d 584 (3d Cir. 2005) ......................................................... 11

*Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007) ....................................................................... 11

*Schering Corp. v. Roussel-UCLAF SA.,* 104 F.3d 341, 344 (Fed. Cir. 1997) .......................... 4, 17

*Selective Ins, Co. of Am. v. Hudson E. Pain Mgmt, Osteopathic Med. & Physical Therapy*, 210 N.J. 597A.3d 1272 (N.J. 2012) ........................................................... 12

*Smart Vent Prods. v. Crawl Space Door Sys.*, 2016 U.S. Dist. LEXIS 108052 (D.N.J. Aug. 15, 2016)..................................................................................................9-10

*Spindelfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*, 829 F.2d 1075 (Fed. Cir. 1987)...................................... 13

*SRI Int'l v. Advanced Technology Lab.*, 1994 U.S. App. LEXIS 36220 (Fed. Cir. Dec. 21, 1994) ...................................................................................................................... 13

*TransCore, LP v. Electronic Transaction Consultants Corp.*, 563 F.3d 1271 (Fed. Cir. 2009)...................................................................................................................... 13, 15

*Turbe v. Gov't of Virgin Islands*, 938 F.2d 427 (3d Cir. 1991).................................................... 10

*United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295 (3d Cir. 2011) .............. 10

*Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612 (D. Del. 2008) .............................. 10

**Rules**

Fed. R. Civ. P. 12(c) ................................................................................................... *passim*

Fed. R. Civ. P. 56 ............................................................................................................*passim*

01134212

Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (together, "DRL") submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings, or, in the alternative, summary judgment pursuant to Rule 56, dismissing the claims for patent infringement set forth in Counts I through IV of Plaintiffs' complaint in the 16-4918 action, and Counts I and II of Plaintiffs' complaint in the 16-9035 action, on the grounds tha ▋redacted▋ and accordingly Plaintiffs cannot prevail on its infringement claims as to these patents as a matter of law.

## I.    INTRODUCTION

DRL first filed this motion in the 16-4918 action in October 2016 with respect U.S. patent Nos. 8,945,621 (the "'621 patent") and 9,220,698 (the "'698 patent"). (16-4918, D.E. 16.) DRL's motion was stayed by the Court during an October 2016 pre-trial conference in the related 11-2317 case because of the upcoming trial in that case. (11-2317, D.E. 407 at 43:15-46:18.) Thereafter, plaintiffs filed the 16-9035 action in December 2016 alleging infringement of the '208 patent another patent ▋redacted▋ (16-9035, D.E. 1.) In the interest of judicial economy, DRL now withdraws its October 2016 motion to dismiss (which covered only the '621 and '698 patents) in favor of filing a single motion for consideration by the Court which addresses the ▋redacted▋ patents-in-suit in both the 16-4918 and 16-9035 actions.[1]

The 16-4918 and 16-9035 cases are two of the more than seventeen Hatch-Waxman actions Plaintiffs have filed since 2011 against manufacturers of pharmaceutical products seeking approval from the Food and Drug Administration ("FDA") to manufacture a generic

---

[1]    At the April 17, 2017 status conference, DRL informed the Court and counsel for Plaintiffs of its plan, and Judge Arpert supported this course of action as a means of handling the stay and timing issue.

1

version of Vimovo,® including five actions filed against DRL (the "DRL Actions").[2] DRL is the ▮▮▮redacted▮▮▮ and has filed Abbreviated New Drug Applications ("ANDA") Nos. 202461 ("ANDA I") and 204206 ("ANDA II", and together, the "DRL ANDAs"). (16-4918, D.E. 1, ¶ 18.)

With the 16-4018 and 16-9035 actions, Plaintiffs have added a total of four new patents to the multitude of patents already alleged by Plaintiffs to be infringed by the DRL ANDAs. However, there can be no dispute that ▮▮▮redacted▮▮▮, namely the '621 and '698 patents asserted in the 16-4918 action, and U.S. patent No. 9,393,208 (the "'208 patent"), the sole patent-in-suit in the 16-9035 action.[3]



On April 11, 2016, counsel for Plaintiffs notified counsel for DRL that Plaintiffs were "[i]n preparation for the filing of their *third* amended complaint" in the 11-2317 action to add

---

[2] Two such actions, 11-2317 and 13-0091, were included in the six "Case I" actions which were tried by this Court in January 2017. The third of the five DRL Actions, 15-cv-3324, has been consolidated by the Court with (i) the 16-4918 and 16-9035 cases, (ii) two Vimovo actions brought by plaintiffs against Mylan, Inc. (15-3327 and 16-4921), and (iii) two Vimovo actions brought by plaintiffs against Lupin Ltd. (16-3326 and 16-4920). (*See* 15-3324, D.E. 43.)

[3] The third patent in-suit in the 16-4918 action, U.S. Patent No. 9,345,695, is one of the patents that are the subject of DRL's October 14, 2016 Motion for Summary Judgment of Invalidity for Failure to Satisfy the Written Description Requirement of 35 U.S.C. § 112. (16-4918, D.E. 15.)

claims for infringement by DRL of the '698 patent.  (*See* Ex. 1 to the accompanying Declaration of counsel for DRL, Alan H. Pollack ("Pollack Decl.").)  In response, DRL's counsel reminded counsel redacted, and requested that counsel discuss the issue "to avoid unnecessary motion practice" (and further delay of the 11-2317 action).  (Pollack Decl., Ex. 2.)  DRL received no reply before Plaintiffs commenced the 16-4918 action in August 2016.  redacted

redacted

redacted

01134212

redacted

It is undisputed that the '621, '698 and '208 patents are all listed in the Orange Book for the New Drug Application covering Vimovo,® NDA No. 22-511. (16-4918, Ex. 1, ¶¶ 10, 13; 16-9035, Ex. 1, ¶ 10.).

Under these circumstances, no ambiguity (or question of fact) exists with respect to the

redacted

.

There is no dispute that Plaintiffs are bound redacted , AstraZeneca and Pozen (then co-plaintiffs in the 11-2317 and 13-0091 actions) jointly owned the then-pending applications that later issued as the '621 and '698 patents. redacted

redacted

4

01134212

redacted

redacted

. *See*

*DeForest Radio & Telegraph Co. v. United States*, 273 U.S. 236, 240 (1927). Thus, there is *no* set of facts under which Plaintiffs can prevail on the relevant Counts relating to these patents and, accordingly, all Counts for infringement of the patents should be dismissed.

Judgement at this early stage of the case furthers the particular importance of early action in Hatch-Waxman cases because "the public's interest in getting lower cost medicines onto store shelves as quickly as possible makes it imperative that these matters move along as quickly as possible. . . ." *AstraZeneca AB v. Dr. Reddy's Labs., Ltd.*, 603 F. Supp. 2d 596, 599 (S.D.N.Y. 2009), *aff'd per curiam*, 356 Fed. App'x 421 (Fed. Cir. 2009).

## II.   STATEMENT OF FACTS

### A.   The DRL ANDAs

DRL filed ANDA I and ANDA II with the Food and Drug Administration ("FDA") on or about November 4, 2010 and March 30, 2012, respectively, seeking approval to market generic versions of Vimovo.® Like Vimovo,® DRL's ANDA Products combine esomeprazole (an acid inhibitor) and naproxen (a non-steroidal anti-inflammatory drug, or "NSAID") in a single tablet

5

01134212

to treat chronic pain. The 30-month stay for both DRL ANDAs expired years ago, and DRL has had final approval to sell its ANDA I product for three years.  (16-4918, D.E. 1, ¶ 18.)[4]

     **B.**     **The** redacted **Patents**

The '621 patent, entitled "Method For Treating A Patient At Risk For Developing An NSAID-Associated Ulcer," issued on February 3, 2015.  (16-4918, D.E. 1, Ex. A at 1.)   The application for the '621 patent was filed on June 24, 2010, and, as set forth in the applicable U.S.P.T.O. Assignments Records for the '621 patent (Pollack Decl., Ex. 3), the application was assigned by the inventors to AstraZeneca and Pozen in 2011.[5]

The '698 patent, entitled "Method For Delivering A Pharmaceutical Composition To Patient In Need Thereof," issued on December 29, 2015.  (16-4918, D.E. 1, Ex. B at 1.)   The application for the '698 patent was filed on September 3, 2009, and assigned by the inventors to AstraZeneca and Pozen in 2011.  (Pollack Decl., Ex. 4.)

The '208 patent, also entitled "Method For Delivering A Pharmaceutical Composition To Patient In Need Thereof," is a continuation of the '698 patent.  (16-9035, D.E. 1, Ex. A at 1.) The application for the '208 patent was filed on December 28, 2015 by Plaintiffs Pozen and Horizon, and issued on July 19, 2016.  (*Id.*)[6]

---

[4]  A full discussion of the products at issue and DRL's ANDAs is set forth in the Court's May 12, 2016 Memorandum Opinion granting DRL's motion for summary judgment that DRL's ANDA II does not infringe Plaintiff Pozen's U.S. Patent No. 6,926,907 patent (the "'907 patent".)  (11-2317, D.E. 381).

[5]  The '621 patent is also the subject of DRL's April 24, 2017 Motion to Dismiss Allegations of Infringement of the '621 Patent based on redacted 16-4918, D.E. 54.)

[6]  Defendants understand that, on or about February 2016, Plaintiff Pozen combined with non-party Tribute Pharmaceuticals Canada Inc. to form Aralez Pharmaceuticals Inc. ("Aralez"). (*See* http://aralez.com.)  To the extent that, as part of the business combination, any interest owned by Pozen in the '621, '698 or '208 patents was transferred to Aralez, Pozen may no longer have standing to assert the '621, '698 or '208 patents against DRL.  (*See* 16-9035, Fourth Affirmative Defense, DRL Answer, D.E. 10.)

6

01134212

C.      **Horizon's Purchase of AstraZeneca's U.S. Rights to Vimovo®**

On or about November 18, 2013, plaintiff Horizon purchased all of AstraZeneca's U.S. rights to Vimovo.®   (11-2317, D.E. 202-2, ¶ 3 and Ex. A.)   As part of its agreement with Horizon, AstraZeneca assigned its rights to the then-pending applications for the '621 and '698 patents to Horizon. (Pollack Decl., Exs. 3 and 4 at p.3.)  According to Plaintiffs' Complaints, the '621, '698 and '208 patents are currently jointly owned by Plaintiffs Horizon and Pozen.  (16-4918, D.E. 1, ¶¶ 9, 12; 16-9035, D.E. 1, ¶ 9).[7]

D.      **The 11-2317 and 13-0091 Actions**

On April 21, 2011, AstraZeneca and Pozen commenced the 11-2317 action against DRL in the District of New Jersey, alleging that DRL's ANDA I infringed the '907 patent).  (11-2317, D.E. 1.)  According to the Complaint, Pozen was the owner of the '907 patent by assignment, and AstraZeneca was the then exclusive licensee of the patent.  (*Id.*, ¶11.)  On October 28, 2011, AstraZeneca and Pozen amended the Complaint to add claims for infringement of five patents owned by AstraZeneca (the "AstraZeneca Patents").  (11-2317, D.E. 42, Counts II-VI.)   The Amended Complaint also added as a plaintiff KBI-E Inc. ("KBI"), the exclusive licensee of the AstraZeneca Patents.  (*Id.*, ¶ 14.)

On April 1, 2013, Pozen, AstraZeneca, and KBI commenced a second action against DRL, case no. 13-0091. (13-0091, D.E. 1.)  Count I of the Complaint in the 13-0091 action alleged that DRL's ANDA II infringed the '907 patent.  Counts II-V alleged that DRL's ANDA II infringed four of the five AstraZeneca Patents.  (*Id.*)

---

[7]   According to the Assignment Records of the USPTO for the '621 and '698 patents, on February 5, 2016, Pozen assigned its rights to the '621 and '698 patents to third party Deerfield Partners, L.P. and two of its affiliates. (Pollack Decl., Exs. 3 and 4 at p.1.) Accordingly, it is unclear whether Pozen has standing to assert the '621 and '698 patents against DRL. *See* Fourth Affirmative Defense, DRL 16-4918 Answer, D.E. 11.

01134212



8

01134212

redacted

redacted

reda
cted

redacted

On April 18, 2013, the Court So Ordered the Stipulations of Partial Dismissal filed by AstraZeneca, KBI and DRL redacted (11-2317, D.E. 139; 13-00091, D.E. 15.)

## III.   ARGUMENT

### A.   Applicable Legal Standards

#### 1.   Judgement on the Pleadings

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter pleadings are closed — but early enough not to delay trial." "The purpose of judgment on the pleadings is to dispose of claims where the material facts are undisputed and judgment can be entered on the competing pleadings and exhibits thereto, and documents incorporated by reference." *Smart Vent Prods. v. Crawl Space Door Sys.*, 2016 U.S. Dist.

9

LEXIS 108052, *19-21 (D.N.J. Aug. 15, 2016) (*quoting Venetec Int'l, Inc. v. Nexus Med., LLC*, 541 F. Supp. 2d 612, 617 (D. Del. 2008).

A motion under Rule 12(c) is decided under the same standards which apply on a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). The court's determination is not whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). A motion for judgment on the pleadings is appropriate where "no relief could be afforded" to the non-moving party "under any set of facts that could be proved." *Turbe,* 938 F.2d at 428.

In deciding DRL's motion for judgment on the pleadings under Rule 12(c), the Court may consider any attachments to the pleading, redacted which was attached as an Exhibit 1 to DRL's Answer in both the 16-4918 and 16-9035 actions.[8] *See, e.g., Clean Jersey Solar LLC v. Effisolar Energy Corp.*, 2016 U.S. App. LEXIS 14846, *4 fn.2 (3d Cir. Aug. 12, 2016) ("We may consider the contract in our analysis of Effisolar's Motion to Dismiss, as the contract is a concededly authentic document that was attached as an exhibit to Clean Jersey's Answer to Effisolar's counterclaims"); *Babar v. Screening Reports, Inc.*, 2014 U.S. Dist. LEXIS 54915, *2 (D.N.J. Apr. 21, 2014) ("courts are free to consider documents attached to the pleadings for purposes of a Rule 12(c) motion") (*citing Leone v. Twp. of Deptford*, 2009 U.S. Dist. LEXIS 79442 (D.N.J. Sept. 3, 2009)).

The Court may also consider and take judicial notice matters of public records such as the assignment records of the patents-in-suit. *See, e.g., In re Lamictal Indirect Purchaser &*

---

[8]   *See* 16-4918, D.E. 11, Ex. 1; 16-9035, D.E. 10, Ex. 1.

10

01134212

*Antitrust Consumer Litig.*, 172 F. Supp. 3d 724, 738 (D.N.J. 2016) (*citing Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).)

### 2.     Summary Judgement

"The Federal Rules of Civil Procedure expressly permit a defendant to move for summary judgment at any time, Fed. R. Civ. P. 56(b), whether or not the parties have conducted discovery." *Koehnke v. City of McKeesport*, 350 Fed. App'x 720, 723 (3d Cir. 2009) (unpublished).   Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (internal quotation marks omitted).  *See also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (a party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted).  Thus, the "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  A factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* (internal citations omitted)

11

01134212

As the Third Circuit has explained, "summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (*citing Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109-10 (3d Cir. 1985)).

Summary judgment is particularly appropriate where, as here, the determinative issue, namely contract interpretation, is purely legal in nature. *See, e.g., Driscoll Constr. Co. v. State Dep't of Transp.*, 371 N.J. Super. 304 (App. Div. 2004) ("The interpretation or construction of a contract is usually a legal question for the court, 'suitable for a decision on a motion for summary judgment'.") (citation omitted).

### 3.     Contract Construction Under New Jersey Law

redacted *Lear, Inc. v. Adkins*, 395 U.S. 653, 661-62 (1969).  Pursuant to New Jersey law, redacted redacted contract interpretation is a question of law.  *See, e.g., Selective Ins, Co. of Am. v. Hudson E. Pain Mgmt, Osteopathic Med. & Physical Therapy*, 210 N.J. 597, 46 A.3d 1272, 1276 (N.J. 2012); *Consol. Brick & Bldg. Supplies, Inc. v. Alosi Constr., Inc.*, 2006 U.S. Dist. LEXIS 51752, *13-14 (D.N.J. July 28, 2006) (Cooper, J.)

When interpreting a contract, the court's ultimate goal is to determine the intent of the parties, as expressed in the language they used in the contract.  *See, e.g., Onderdonk v. Presbyterian Homes of N.J.*, 85 N.J. 171, 425 A.2d 1057 (N.J. 1981); *Celanese Ltd. v. Essex Cnty. Improvement Auth.*, 404 N.J. Super. 514, 528, 962 A.2d 591 (App. Div. 2009).  "Contract provisions are to be interpreted so as to give each provision meaning, rather than rendering some provisions superfluous." *Carter v. Exxon Co. USA*, 177 F.3d 197, 206 (3d Cir. 1999).

12

When the provisions of the agreement in question are clear and unambiguous, extrinsic evidence is inadmissible. *SRI Int'l v. Advanced Technology Lab.*, 1994 U.S. App. LEXIS 36220 (Fed. Cir. Dec. 21, 1994). The determination of whether the terms of a contract are clear or ambiguous is a question of law. *See, e.g., Consol. Brick & Bldg. Supplies, Inc.*, 2006 U.S. Dist. Lexis 51752, *13-14 ("When the terms of a contract are unambiguous, [] construction is a question of law appropriate for summary judgment.")

**B.** redacted

redacted

████████████████  *DeForest Radio & Telegraph Co. v. United States*, 273 U.S. 236, 240 (1927). *See also TransCore, LP v. Electronic Transaction Consultants Corp.*, 563 F.3d 1271, 1275 (Fed. Cir. 2009) redacted

redacted

*McCoy v. Mitsuboshi Cutlery, Inc.*, 67 F.3d 917, 920 (Fed. Cir. 1995) redacted

redacted

**C.** redacted

redacted

*Spindelfabrik Suessen-Schurr Stahlecker & Grill GmbH v. Schubert & Salzer Maschinenfabrik Aktiengesellschaft*, 829 F.2d 1075, 1081 (Fed. Cir. 1987). redacted

13

01134212

redacted

redacted

redacted

There is no dispute that the applications for the '621 and '698 patents were pending as of the date redacted

The scope of the license granted in Section 6.2(f) also covers any future patent applications or patents descending from the applications that issued as the '621 and '698 patents,

14

01134212

redacted    *See, e.g., TransCore*, 563

F.3d at 1279 (granting summary judgment of noninfringement of a continuation patent). redacted

redacted

*See, also, General Protecht Group, Inc. v. Leviton Mfg. Co.*, 651 F.3d

1355, 1359 (Fed. Cir. 2011) redacted

Any construction of the Astra-DRL Settlement Agreement that excludes '621, '698 or '208 patent from the license granted to DRL therein would therefore be contrary to the unambiguous language of the Agreement and the parties' intent. Such a construction would also render meaningless Section 6.2(g) of the Agreement which provides that the license granted to DRL with respect to the DRL ANDAs applies to "any United States patents listed *now or in the future* in the Orange Book for [Vimovo®]." (16-4918, D.E. 11, Ex. 1, § 6.2(g); emphasis added.) There is no dispute that each of the '621, '698 and '208 patents are listed in the Orange Book for Vimovo.® (16-4918, Ex. 1, ¶¶ 10, 13; 16-9035, Ex. 1, ¶ 10.)

redacted    redacted

15

01134212

redacted

In the alternative, the Court should grant summary judgment to DRL on these Counts because there can be no genuine disputed material fact with respect to redacted

**D.** redacted

redacted

redacted

redacted

, AstraZeneca jointly "owned" with Pozen the applications that later issued as the '621 and '698 patents, and the '208 patent is a continuation of the '698 patent. redacted

16

01134212

E.     redacted

As a co-owner with Pozen of the applications that later issued as the '621 and '698 patents, AstraZeneca had the right redacted

. *See, e.g., Schering Corp. v. Roussel-UCLAF SA.,* 104 F.3d 341, 344 (Fed. Cir. 1997) redacted

'208 patent because it is a continuation of the '698 patent. *See, e.g., General Protecht Group, Inc. v. Leviton Mfg. Co.,* 651 F.3d 1355, 1359 (Fed. Cir. 2011) redacted

As successor-in-interest to AstraZeneca since November 2013, redacted

IV.    CONCLUSION

For the reasons stated above, DRL respectfully asks the Court to grant DRL's Motion for Judgement on the Pleadings pursuant to Fed. R. Civ P. 12(c), or, in the alternative, Summary Judgment pursuant to Rule 56, dismissing Counts I through IV of the 16-4918 Complaint and all

17

01134212

Counts of the 16-9035 Complaint.

Respectfully submitted,

Dated:  May 12, 2017          By:    _____

Alan H. Pollack (apollack@buddlarner.com)
Stuart D. Sender (ssender@buddlarner.com
Dmitry V. Shelhoff (dshelhoff@buddlarner.com)
Stephanie Kamerow (skamerow@buddlarner.com)
BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
Tel: (973) 379-4800

*Attorneys for Defendants*
*Dr. Reddy's Laboratories, Ltd. and*
*Dr. Reddy's Laboratories, Inc.*

18

01134212